Ludovico LaCHINA, Petitioner,

v.

**WORKMEN'S COMPENSATION AP-PEAL BOARD (DANA CORPORATION and Hartford Insurance Group), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 3, 1995.

Decided Aug. 14, 1995.

Thomas G. Parisi, for petitioner.

Mitchell I. Golding, for respondents.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

This is an appeal by Ludovico LaChina (Claimant) from an order of the Workmen's Compensation Appeal Board, which affirmed a referee's decision denying Claimant counsel fees under Section 440 of the Workers Compensation Act (Act).[1] We reverse.

On August 4, 1987, Claimant suffered a work-related injury when he fell from the ladder of his crane. Employer accepted liability for Claimant's injury, which was listed in the notice of compensation payable as a right brachial plexus injury.

On June 5, 1989, Employer filed a petition for modification, under Section 306(c) of the Act,[2] alleging that Claimant's work-related injury had resolved itself into a specific loss of his right arm. The referee[3] granted the petition on October 30, 1990, and Claimant appealed to the Board, which reversed and remanded the case for additional findings of fact regarding the credibility of Claimant's medical expert, and the extent of Claimant's injury. Specifically, the question for the referee on remand was whether the Claimant's entire right upper extremity, including his hand, forearm, arm, and shoulder, was totally disabled, or only his right arm.

On remand, the referee denied Employer's petition for modification, holding that Claimant's injury was to his entire right upper extremity, which includes his arm and shoulder, and therefore, concluded that Claimant remained totally disabled.[4] The referee further held that Employer had reasonably contested Claimant's disability benefits; thus, Employer was not liable for attorney's fees, and the fees for Claimant's attorney were to be deducted from Claimant's total disability benefits. Claimant appealed the denial of attorney fees and the Board affirmed the referee's decision. Claimant now appeals to our Court.

Claimant's sole argument on appeal is that Employer did not have a reasonable contest to request a modification of benefits and is therefore entitled to attorney's fees assessed against Employer pursuant to Section 440 of the Act,[5] which states in pertinent part:

In any contested case where the insurer has contested liability in whole or in part, ... [a claimant] in whose favor the matter at issue has been finally determined in whole or in part shall be awarded ... a reasonable sum for costs incurred for attorney's fee[s], witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: **Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established. . . .**

77 P.S. § 996 (emphasis added).

When a claimant prevails *and* the employer's contest is unreasonable, he or she is eligible for attorney's fees under Section 440 of the Act, *Nortim, Inc. v. Workmen's*

---

1. The Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996.

2. Section 306(c) of the Act, 77 P.S. § 513, sets forth the schedule of disability compensation for specific loss injuries.

3. Referees are now called Workers' Compensation Judges under the 1993 amendments to the Act, 77 P.S. § 701. *See* Section 14 of the Act of July 2, 1993, P.L. 190 (Act 44). However, since this case was before the referee prior to the effective date of the amendments, August 31, 1993, we will refer to the referee as such and not as a Workers' Compensation Judge.

4. The modification, if granted, would have limited Claimant's benefits to 410 weeks, plus 20 weeks healing period, for a total of 430 weeks. Section 306 of the Act, 77 P.S. § 513(3).

5. Section 440 of the Act was amended July 2, 1993, by Act 44. *See supra* note 3. The amended section contains essentially the identical provisions as in the previous Act. The only significant change is that the referee must now make a finding as to the amount and length of time for which the fee is payable based upon the skill required, the duration of the proceeding, and time and effort required and expended.

*Compensation Appeal Board (Rolick)*, 150 Pa.Commonwealth Ct. 196, 615 A.2d 873 (1992), and further, the employer has the burden of proving a reasonable basis for the contest. *Delaware Valley Fish Co. v. Workmen's Compensation Appeal Board (Woolford)*, 151 Pa.Commonwealth Ct. 387, 617 A.2d 48 (1992). Generally, a reasonable contest is one which is prompted by a genuinely disputed issue and not merely done to harass a claimant. *Id.* A reasonable contest will be found where the medical evidence is conflicting or susceptible to contrary inferences. *Mason v. Workmen's Compensation Appeal Board (Wheeling–Pittsburgh Steel Corp.)*, 143 Pa.Commonwealth Ct. 539, 600 A.2d 241 (1991), *petition for allowance of appeal denied*, 529 Pa. 671, 605 A.2d 335 (1992).

■ It is well established that for a contest to be reasonable, an employer must "have in its possession at the time of the decision to contest or shortly thereafter medical evidence supporting that position." *Yeagle v. Workmen's Compensation Appeal Board (Stone Container Corp.)*, 157 Pa.Commonwealth Ct. 597, 602, 630 A.2d 558, 560 (1993); *see also Harney v. Workmen's Compensation Appeal Board (Philadelphia Coca Cola Bottling Co.)*, 660 A.2d 665 (Pa.Cmwlth. 1995). In this case, Employer did not have sufficient substantial medical evidence to support its decision to request modification to specific loss when the petition to modify was filed.

Because Employer was the party seeking the modification to specific loss benefits, it had the burden to establish that Claimant had suffered a permanent loss of use of his right arm for all intents and purposes through competent evidence. *Dugan v. Workmen's Compensation Appeal Board (Boron Oil Co.)*, 107 Pa.Commonwealth Ct. 604, 528 A.2d 1054 (1987). In support of its modification petition, Employer presented the testimony of Dr. Ellis Friedman, a board certified orthopedic surgeon.[6] Dr. Friedman stated that Claimant's original injury was a stretching of his right brachial plexus which led to a subsequent development of reflex sympathetic dystrophy, also known as shoulder-hand syndrome. (Deposition of Dr. Friedman at 12, 32; Reproduced Record (R.R.) at 52a, 72a.) Employer's medical expert also stated that "for all practical intents and purposes [Claimant] lost the use of his **entire right upper extremity[,]**" which Dr. Friedman considered included both the arm and the shoulder area. Friedman deposition at 16–17, 34; R.R. at 56a–57a, 74a.) (Emphasis added.)

Dr. Friedman further testified on cross examination:

Q. And the brachial plexus, you indicated where that is in the body is above the armpit, is that correct?

A. Yes, it is in the region of the shoulder area.

Q. Does it extend at all towards the neck?

A. The technical area of the brachial plexus extends over a distance of several centimeters, but it is really basically anatomically in the area of the axilla [7] and the shoulder. It does not extend to the neck itself.

(Friedman deposition at 24; R.R. at 64a.)

■ The case law is clear. Where a claimant suffers a work-related injury to both his arm *and* shoulder, even if the claimant loses the use of his **arm** for all intents and purposes, if the injury also involves the shoulder, his disability is total and not merely a specific loss. *Travelers Insurance Co. v. Workmen's Compensation Appeal Board (Hannigan)*, 99 Pa.Commonwealth Ct. 123, 512 A.2d 1325 (1986) (where the referee found that in addition to claimant's loss of the use of his right arm, claimant had also injured his right shoulder, total disability was appropriately

---

6. Dr. Raffael Paciulli testified on behalf of Claimant. The referee based his findings of fact on both of the medical experts' testimony, which were consistent with each other.

7. Axilla is defined as:
1: the cavity beneath the junction of the arm or anterior appendage and shoulder or pectoral girdle containing the axillary artery and vein, a part of the brachial nerve plexus, many lymph nodes, and fat and areolar tissue: ARMPIT 2: SHOULDER.
Webster's Third New International Dictionary 153 (1986).

awarded); *Kraft Foods Division v. Workmen's Compensation Appeal Board*, 16 Pa.Commonwealth Ct. 592, 330 A.2d 283 (1975) (claimant who had his left arm torn off during a work accident and amputated and also injured his shoulder, received total disability benefits, not specific loss benefits); *Marshall v. City of Altoona*, 208 Pa.Superior Ct. 465, 222 A.2d 408 (1966) (where claimant had lost his entire right upper extremity, which included the shoulder girdle, scapula, humerus and surrounding muscles, outer end of the clavicle, and his right arm, the court concluded there was no specific loss and continued claimant's total disability status).[8]

■ Furthermore, in *Mancini v. Pennsylvania Rubber Co.* 147 Pa.Superior Ct. 359, 24 A.2d 151, (1942), the court stated:

> [I]f the claimant's injury had been confined to his left arm and amounted to the permanent loss of use of the arm, it made no difference whether he was disabled totally or partially, . . . but if the injury extended to the shoulder also and, he was then totally disabled from working because of said injuries, . . . compensation was not payable under Section 306(c). 77 P.S. § 513, but under Section 306(a), 77 P.S. § 511 [9] . . . .

*Id.* at 363–64, 24 A.2d at 153 (citations omitted). Where an injury goes beyond the loss of a member, Claimant is eligible to receive total disability benefits. *Marshall; cf. School District of Philadelphia v. Workmen's Compensation Appeal Board (Pittman)*, 145 Pa.Commonwealth Ct. 319, 603 A.2d 266, *petition for allowance of appeal denied*, 532 Pa. 659, 615 A.2d 1314 (1992).[10]

An examination of the testimony of Employer's medical expert demonstrates that Dr. Friedman opined that Claimant had suffered a loss of the use for all intents and purposes of his upper extremity which includes both his arm and shoulder, not solely his arm. This medical evidence is patently insufficient to support a finding that Claimant suffers from a specific loss and is no longer totally disabled. Therefore, Employer has failed to present a reasonable contest, and Claimant is eligible for attorney fees under Section 440.

■ Employer argues that because of this Court's opinion in *HGO, Inc. v. Workmen's Compensation Appeal Board (Hadley)*, 651 A.2d 719 (Pa.Cmwlth.1994), the law is unsettled in this area of shoulder-arm injuries, and therefore, its contest was reasonable.[11]

The holding in *HGO*, however, does not cloud the established law, nor is it dispositive. In *HGO*, the claimant originally injured only his shoulder in a work-related accident. After his total disability benefits were suspended, the claimant filed a claim petition for specific loss benefits, alleging that due to his work-related injury he had lost the use of his left arm. We held that since the claimant had proved that he had lost the use of his arm he was eligible to receive specific loss benefits, even though a shoulder injury, now healed, was originally involved in his disability. Contrary to Employer's argument, we did not hold that a claimant who suffers a work-related injury to the shoulder and arm, which causes a loss of use of an arm, is only entitled to specific loss benefits. We held that total disability benefits due to an original injury to the shoulder,

---

**8.** *See also Painter v. Workmen's Compensation Appeal Board (Universal Cyclops)*, 91 Pa.Commonwealth Ct. 59, 496 A.2d 907 (1985), and *Carnovale v. Supreme Clothes Inc.*, 7 Pa.Commonwealth Ct. 253, 298 A.2d 640 (1973).

**9.** Section 306(a) delineates the schedule of benefits for a totally disabled claimant.

**10.** In *Pittman,* the claimant injured her left index finger and was paid total disability. The employer petitioned for modification alleging specific loss of use of the index finger. The claimant presented medical testimony that she had suffered pain neuromas in her left hand as a result

of the injury and that the use of her left hand was impaired. We held that since the injury to her left hand was not a separate and distinct disability from that which normally flows from the loss of use of her finger, the claimant was not totally disabled, and, therefore, receives specific loss benefits only. It was the injury to the index finger which caused the claimant's disability.

**11.** An employer's contest is reasonable where an analysis of the law may lead to different inferences. *Fantastic Sam's v. Workmen's Compensation Appeal Board (Kowalski)*, 167 Pa.Commonwealth Ct. 130, 647 A.2d 648 (1994).

where the shoulder injury no longer is the cause of the claimant's disability, may be modified to the specific loss of a limb, where that loss is then the only cause of the disability.

Unlike *HGO*, the present case involves an original injury to both Claimant's arm and shoulder, and the award of total disability benefits was based upon this dual injury. Employer did not present medical testimony that the shoulder injury has ceased and that the only remaining disability was due to Claimant's loss of use of his arm, which would have supported a specific loss finding.[12] Therefore, Employer had insufficient evidence to support its petition to modify.

However, even assuming *arguendo* that the holding in *HGO* makes the law unclear, at the time Employer filed its petition to modify, June 5, 1989, Employer did not have in hand any competent medical testimony that would support a decision to contest Claimant's total disability benefits because *HGO* was decided in 1994. *Yeagle; Compare Motor Freight Express v. Workmen's Compensation Appeal Board*, 59 Pa.Commonwealth Ct. 415, 429 A.2d 1272 (1981).[13]

Accordingly, the Board's order is reversed and this case is remanded to the Board for the calculation of attorney's fees.

---

12. A claimant who is receiving specific loss benefits may only receive total disability benefits in addition to the specific loss benefits, where there is a destruction, derangement or deficiency in other areas of the body. The specific injury must be separate and distinct from the other injury and one which does not normally follow the specific injury. *Warren Car Co. v. Workmen's Compensation Appeal Board*, 41 Pa.Commonwealth Ct. 141, 398 A.2d 753 (1979), *appeal dismissed as having been improvidently granted*, 491 Pa. 414, 421 A.2d 205 (1980).

13. In *Motor Freight*, employer filed a modification petition alleging that claimant's disability had resolved itself into the specific loss of his left arm. In support of its petition, employer presented two medical reports. The first report stated that claimant was disabled due to a left shoulder injury, upon which the original compensation agreement was based, and the second report stated that claimant had lost the use of his left arm. The employer presented no competent evidence that the claimant's condition had resolved itself into the loss of the use of the left arm, which provided no basis for a reasonable content, and attorney fees were awarded.