**Rita BOLINSKY, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (NORRISTOWN STATE HOSPITAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 2002.

Decided Jan. 7, 2003.

Malcolm B. Jacobson, King of Prussia, for petitioner.

Matthew M. Karinch, Media, for respondent.

BEFORE: McGINLEY, Judge, and PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Rita Bolinsky (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) which, *inter alia*, affirmed a decision of a Workers' Compensation Judge (WCJ) that Norristown State Hospital's (Employer) contest of Claimant's benefits was reasonable and thus denying her claim for attorney fees and costs. We affirm.[1]

On August 8, 1978, Claimant, a psychiatric nurse, was injured by a patient and suffered an injury to her neck and upper extremities. In 1980, she endured a surgical spine fusion and had carpal tunnel surgeries in 1989 and 1990. In 1995, Claimant began physical therapy with Madlyn Solomon, P.T. Her physical therapy treatments continued through 1997. She has been receiving total disability benefits from Employer pursuant to the provisions of the Pennsylvania Workers' Compensation Act[2] (Act) since 1978.

On July 22, 1997, Employer filed a utilization review request. Employer requested a review of the reasonableness or necessity of physical therapy that had been provided to Claimant for the period of June 24, 1997, and into the future. (R.R. at 1a). Peter Grabaskas, P.T. (reviewer) completed the utilization review. In making his determination, he received treatment notes from Mrs. Solomon from June 24, 1997, through July 24, 1997. He also received a letter from Mrs. Solomon's office which stated that Mrs. Solomon did not wish to speak to the reviewer in this case. (Addendum to R.R. at 20a). However, Mrs. Solomon did call the reviewer, after his review had been completed, to report that all pertinent clinical information had been included in her physical therapy notes. (R.R. at 6a).

In reviewing the notes of Mrs. Solomon, the reviewer found that the notes did not set forth any pertinent medical history or note the present therapeutic problem. He also found that minimal objective testing was done and that there was no evaluation noting a functional diagnosis or signs and symptoms. He noted that such documentation is required under the American Physical Therapy Association Board of Directors Policy on Guidelines for Physical Therapy adopted in 1993. (R.R. at 6a). The reviewer determined that the treatments provided, which included ultrasound, manual cervical traction, massage, stretching, therapeutic exercise and ice,

---

1. On June 30, 2000, the Board determined that Employer's contest was reasonable; however, the case was remanded to the WCJ for the limited purpose of determining whether Claimant had been discharged from future physical therapy treatments. Claimant then attempted to appeal the Board ruling to this Court. However, by order of August 23, 2000, we determined that it was a non-final, interlocutory order. Following the WCJ's decision on remand, the matter was appealed to the Board by Employer. On June 20, 2002, the Board affirmed the decision of the WCJ, concluding that Claimant had not been discharged by her physical therapist. The issue now raised on appeal only addresses the merits of the Board's decision concerning the reasonableness of Employer's contest. This portion of the Board's decision could not be appealed until the Board issued a final order on June 20, 2002. Consequently, we are affirming the Board's June 20, 2002, order.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

could not be considered appropriate as there was insufficient documentation regarding evaluation, diagnosis and prognosis. He therefore found that the treatment rendered by Mrs. Solomon for the period of June 24, 1997, through July 24, 1997, was not reasonable and necessary. As Mrs. Solomon's notes indicated that the patient was discharged from therapy on July 24, 1997, the reviewer determined that no decision needed to be made regarding the question of ongoing or future care.

Claimant filed a petition for review of the utilization review determination and a hearing was held before the WCJ. Claimant submitted into evidence her entire medical chart and a report from Dr. Lawrence Kerson, a neurologist, who was Claimant's treating physician since 1983. Dr. Kerson opined that Claimant's physical therapy was reasonable and necessary. Claimant also testified that the physical therapy treatments helped decrease her pain and gave her greater mobility.

The WCJ accepted the testimony of Claimant and Dr. Kerson as credible and found that Claimant's physical therapy treatments were reasonable and necessary. The WCJ further found that Claimant's need for physical therapy after July 24, 1997, was moot as she had been discharged from therapy. It was also determined that Claimant's counsel was not entitled to a quantum meruit fee as Employer had presented a reasonable contest.

Claimant appealed to the Board, alleging that the WCJ erred in determining that she had been discharged from physical therapy treatment. At the hearing before the WCJ, Claimant testified that she had not been discharged from physical therapy. However, Mrs. Solomon's notes for July 24, 1997, stated that Claimant was to be discharged from further therapy. The Board remanded the case to the WCJ to resolve this inconsistency.

Claimant's appeal to the Board further alleged that the WCJ erred in denying as recoverable litigation costs for travel, photocopying, long distance telephone charges and postage and for finding that Employer had a reasonable basis for contesting liability in this action. The Board determined that the above named expenses were not recoverable as litigation costs. It further determined that Employer had a reasonable basis for contesting the matter and denied Claimant's request for quantum meruit attorney fees.

On remand to the WCJ, Ms. Solomon testified that despite what was in her office notes, Claimant had not been discharged and would likely need physical therapy treatments in the future. The WCJ found Mrs. Solomon to be credible and determined that Claimant had not been discharged from treatment. The WCJ also found that Employer was liable to pay for treatments after July 24, 1997, and ongoing,

Employer then appealed to the Board alleging that the WCJ erred in finding Mrs. Solomon to be credible. The Board disagreed. It determined that the finding made by the WCJ was a credibility determination, made in the WCJ's exclusive province.

■ On appeal to this Court, Claimant alleges that the reviewer erred in not determining whether there was a need for ongoing physical therapy treatments and for basing his decision on insufficient medical records, thus Employer's contest of Claimant's workers compensation benefits was unreasonable.[3]

3. Our scope of review is limited to determining whether the findings of fact are supported

by substantial evidence, whether an error of law has been committed, or whether constitu-

■ Claimant's argument is that the reviewer improperly found that Claimant's physical therapy was not reasonable or necessary and that Employer relied on the reviewer's report despite knowing that the reviewer did not review Claimant's entire medical file. Claimant asserts that Employer's contest was therefore unreasonable and Claimant should be awarded attorney fees against Employer pursuant to Section 440 of the Act.[4] Section 440 provides in pertinent part:

(a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

This Court has previously determined that failure of a reviewer to obtain the entire medical file does not automatically preclude a reviewer from assessing the reasonableness or necessity of a particular treatment. *Seamon v. Workers' Compensation Appeal Board (Sarno & Son Formals)*, 761 A.2d 1258 (Pa.Cmwlth.2000), *petition for allowance of appeal granted*, 566 Pa. 654, 781 A.2d 150 (2001). In *Seamon* we noted that a report by a reviewer is just one piece of evidence presented to the WCJ. The WCJ is not bound by it. Any alleged deficiency or irregularity can be argued and considered by the WCJ in making a credibility or weight of the evidence determination. As such, we determined that the reviewer's failure to obtain all the records did not deprive the claimant of a fair hearing on the issue. *Seamon*, 761 A.2d at 1262. Thus, the failure of a reviewer to review the entire medical history does not establish that there was insufficient evidence for an employer to bring an action. Additionally, even if there was insufficient evidence for Employer to bring this action, in *Majesky v. Workmen's Compensation Appeal Board (Transit America, Inc.)*, 141 Pa. Cmwlth.398, 595 A.2d 761 (1991), *petition for allowance of appeal denied*, 529 Pa. 653, 602 A.2d 862 (1991), we determined that an employer was not held to the standard of proving its evidence was legally sufficient in order to establish reasonableness.

We also note that Claimant does not explain how review of Claimant's entire nineteen-year medical file would have in any way changed the determination of the reviewer as to the reasonableness and necessity of physical therapy treatments in this case. The reviewer stated that the medical notes provided by Mrs. Solomon gave no explanation as to why physical therapy was reasonable or necessary and Mrs. Solomon letter establishes that she refused to speak with the reviewer. Mrs. Solomon also did not return a phone call to the reviewer and only contacted the reviewer after the review had been complet-

---

tional rights have been violated. *Elite Carpentry Contractors v. Workmen's Compensation Appeal Board (Dempsey)*, 161 Pa. Cmwlth.89, 636 A.2d 250 (1993).

**4.** 77 P.S. § 996.

ed. (R.R. at 6a). At that point, she stated that all pertinent clinical information had been included in her physical therapy notes.

As to the question of future treatments, Mrs. Solomon's office notes of July 24, 1997, stated that Claimant was discharged from further treatment. (Addendum to R.R. at 25a). Claimant and Mrs. Solomon agree that Claimant was not seen after that date. It is hardly surprising that the reviewer, Employer and the WCJ thus concluded that Claimant was no longer receiving physical therapy and any determination as to future need for therapy was moot. The reviewer and Employer can not be faulted for accepting Mrs. Solomon's notes that stated, "Plan to discharge at this time as patient is following a home stretching program and strengthening with much success," as meaning that the Claimant was discharged. (Addendum to R.R. at 25a).

 Whether an Employer's contest of liability is reasonable is a question of law reviewable by this Court. *Elite Carpentry Contractors.* "This court has often stated that the reasonableness of an employer's contest depends upon whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant." *Elite Carpentry Contractors,* 636 A.2d at 252. It is Employer's burden to establish that there was a reasonable basis for contesting liability. *Majesky,* 595 A.2d at 763.

Employer in the instant case followed the utilization review process that is its exclusive means of determining whether any medical treatment provided to a claimant under the Act was reasonable or necessary. *Chik–Fil–A v. Workers' Compensation Appeal Board (Mollick),* 792 A.2d 678 (Pa.Cmwlth.2002). The reviewer then determined that the physical therapy treatments questioned by Employer were not reasonable and necessary. When Claimant appealed the ruling to the WCJ, Employer used the report of the reviewer as evidence that the physical therapy treatments were not reasonable and necessary.

We believe that the report of the reviewer established reasonable evidence for Employer to contest liability. We further note that there was no evidence presented in the record that Employer was attempting to harass Claimant as opposed to settle a dispute.

### ORDER

AND NOW, this 7th day of January, 2003, the order of the Workers' Compensation Appeal Board, dated June 30, 2002, is affirmed.