Oscar Mayer & Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Eugene Manzi, Respondents.

Argued February 1, 1982, before Judges MENCER, BLATT and DOYLE, sitting as a panel of three.

*John P. Kopesky, Morgan, Lewis & Bockius,* for petitioner.

*Lee A. Solomon,* with him *Thomas B. Rutter, Ltd.,* for respondent, Eugene Manzi.

OPINION BY JUDGE BLATT, March 31, 1982:

The petitioner, Oscar Mayer & Company, seeks review of a decision of the Workmen's Compensation Appeal Board (Board) which upheld a referee's ruling denying the petitioner's request to terminate total disability benefits which were being paid to the respondent, Eugene Manzi.

In February of 1977, the petitioner entered into an agreement with Mr. Manzi to pay compensation for total disability after he incurred an injury in the course of his employment when a meat rack fell on his head, shoulders and back.[1] In December of 1979, the petitioner asked to terminate or modify these benefits because, it contended, Mr. Manzi was no longer totally disabled and there was suitable work in the local marketplace available to him. A hearing was conducted at which the petitioner produced medical testimony that Mr. Manzi no longer suffered any

---

[1] Mr. Manzi received serious injuries from four previous incidents while in the appellant's employ, and he was also involved in three other accidents which could have potentially resulted in serious injury, but in fact did not.

physical disabilities as a result of his work-related injury. The deposition of a vocational specialist, Dr. Spergel, was also introduced to establish that numerous jobs were available in the area which Mr. Manzi could perform. Mr. Manzi submitted the February 12, 1980 report of his psychiatrist, Dr. DeSilverio, which concluded that

> Mr. Manzi is suffering from a traumatic neurosis manifested principally by an inordinate fear of working around dangerous machinery and at the Oscar Mayer Company in particular. This fear would not only preclude his successful functioning in any such job but would likely enhance the possibility of further injury because of the disorganizing effect such fear would have upon him in the working environment.

The referee concluded that Mr. Manzi's injuries continued to prevent him from obtaining gainful employment and that, because he was still totally disabled, the termination petition must be denied. The Board affirmed the referee's decision and this petition for review was then filed.

The petitioner maintains that Dr. DeSilverio's 1980 report should be interpreted to mean that Mr. Manzi's traumatic neurosis affects him only in a working environment which contains dangerous machinery, not in other areas of employment, and that the referee erred in concluding that Mr. Manzi could not engage in gainful employment.

In workmen's compensation cases, the referee is the factfinder and he is entitled to evaluate the evidence and to resolve conflicting testimony, *K-Mart Corp. v. Workmen's Compensation Appeal Board*, 56 Pa. Commonwealth Ct. 52, 424 A.2d 956 (1981), and we believe that he may also draw reasonable infer-

ences from the evidence and that we must review all such inferences in a light which is most favorable to the party prevailing below. And, although we recognize that Dr. DeSilverio's 1980 report was somewhat ambiguous, we cannot say that the referee was unreasonable in interpreting the doctor's report to mean that Mr. Manzi's neurosis would have a disorienting effect upon him in the work environment in general, not merely in the vicinity of dangerous equipment.

The petitioner also argues that the referee capriciously disregarded competent evidence[2] that Mr. Manzi was only partially disabled based on an earlier report of Dr. DeSilverio, dated May 30, 1978, which found that Mr. Manzi's fear would prevent his employment around dangerous machinery, but that he was "not otherwise considered to be totally disabled from an occupational standpoint" and on the testimony of Dr. Spergel that numerous jobs which Mr. Manzi could perform were available in the local area. As previously noted, however, it is the referee and not this Court, to whom we must look for the resolution of conflicting testimony, including inconsistent statements by the same witness. *K-Mart Corp.* Here the referee chose to accept the 1980 report of Dr. DeSilverio, and such a determination of the issue of the credibility of conflicting statements does not amount to a capricious disregard of competent testimony. *Britten v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 610, 426 A.2d 1253 (1981).

We will therefore affirm the Board's denial of the termination petition.

---

[2] Where, as here, the party with the burden of proof did not prevail below, our scope of review is limited to determining whether or not the referee has capriciously disregarded competent evidence. *K-Mart Corp.*

518

ORDER

AND Now, this 31st day of March, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.