**Dr. Ira SOLOMON and Ronald Smack, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 8, 2002.
Decided April 15, 2003.

Marc S. Jacobs, Philadelphia, for petitioners.

Sandra R. Craig, Philadelphia, for respondent.

BEFORE: FRIEDMAN, Judge, SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.[1]

Ira Solomon, Ph.D., and Ronald Smack (Claimant) (collectively Petitioners) petition for review of the July 11, 2002, order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a workers' compensation judge (WCJ) to deny a utilization review (UR) determination. We affirm.

Claimant suffered a work-related injury in January 1999 while working as a corrections officer for the City of Philadelphia (Employer). Specifically, Claimant injured his lower back during an altercation with a prison inmate. After diagnosis and initial treatment in March 2000, Claimant was referred for treatment to Dr. Solomon at Montgomery Psychological Associates. WCJ Findings of Fact (F.F.) Nos. 1–4.

Employer questioned the reasonableness and necessity of Dr. Solomon's continued psychological treatment of Claimant and requested a UR under the Workers' Compensation Act (Act).[2] Alan Cooperstein, Ph.D. (Reviewer) prepared a UR report for Advanced Rehabilitation Management, a utilization review organization. After an examination of Dr. Solomon's medical records, Reviewer concluded Dr. Solomon's treatment was not reasonable or necessary for Claimant after early April 2000. F.F. Nos. 5–10.

After Claimant filed a petition for review of that UR determination, the WCJ held hearings. Employer presented the deposition testimony of Reviewer. Claimant testified on his own behalf, and presented the deposition testimony of Dr. Solomon.

Reviewer noted five deficiencies in Dr. Solomon's treatment of Claimant, as reflected in his treatment records. First, the initial assessment was brief and narrow, a one and one-half page narrative, with no clear treatment plan formulated; second, there was no substantial, in-depth information about Claimant's psychological treatment (e.g. noting involvement of biofeedback); third, pre-existing injuries and complicating medical conditions were not considered (e.g. no information concerning pre-injury physical and psychological status); fourth, no full, initial psychological consultation was performed with multi-axial diagnosis; and fifth, the essential features of a comprehensive evaluation and treatment plan were missing. F.F. Nos. 12–13.

In addition, though Claimant was referred to Dr. Solomon for an assessment of his mental state and chronic pain secondary to his work injury, Reviewer found Dr. Solomon's records contained no such assessment. F.F. No. 14. Reviewer testified that Dr. Solomon did not perform the appropriate initial psychological consultation, a mandatory first step in an assessment. F.F. No. 15.

Reviewer noted that Dr. Solomon's treatment gave varying results for Claimant, and also that Dr. Solomon's notes revealed Claimant denied suicidal tendencies. Reproduced Record (R.R.) at 293a,

---

1. This opinion was reassigned to the author on February 4, 2003.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–104 .4, 2501–2626. Section 306(f.1) of the Act, 77 P.S. § 531(6)(i), provides, in pertinent part:
  (i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retroactive utilization review at the request of the employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review....

296a. Reviewer concluded Dr. Solomon's materials, and his representations of Claimant's treatment contained in those materials, did not show that treatment was reasonable or necessary.[3]

Dr. Solomon's testimony, on the other hand, stated that his diagnosis was "the upshot of a mental status examination and is consistent with a number of symptoms. These included Claimant's "short fuse", his feelings of hopelessness, impaired short-term memory and concentration, and dysfunction in sleep pattern." F.F. No. 24. Dr. Solomon testified his initial assessment of Claimant was that Claimant suffered from an adjustment disorder, with depressed mood. F.F. No. 23. Dr. Solomon noted Claimant's constellation of symptoms was consistent with the presence of chronic pain, and concluded Claimant would benefit from a program that would provide both individual and behavioral treatments, including biofeedback therapy. F.F. Nos. 25, 26.

The WCJ found Reviewer's opinion more credible than Dr. Solomon's, and denied Claimant's petition. After the Board affirmed the WCJ's decision, Petitioners appealed to this Court.[4]

Petitioners raise two issues for our review. First, they contend the WCJ failed to make critical findings of fact as to whether Dr. Solomon's psychological treatment improved Claimant's medical condition. Next, Petitioners argue Reviewer's testimony does not constitute the substantial evidence necessary to support the WCJ's finding that Dr. Solomon's psycho-logical treatment of Claimant was not reasonable or necessary after April 2000.

As for Petitioners' first allegation, whether Claimant's condition improved is not a necessary finding in the evaluation of the UR determination. The Board correctly noted treatment may be reasonable or necessary even if it is designed only to manage a claimant's symptoms, rather than to cure or permanently improve the underlying problem. Board Op. at 4, citing *Central Highway Oil Co. v. Workers' Compensation Appeal Bd. (Mahmod)*, 729 A.2d 106 (Pa.Cmwlth.1999).

Petitioners also contend that Reviewer's testimony was incompetent because he did not obtain Claimant's entire medical file and because he did not speak with the treating health care provider, Dr. Solomon. Because Reviewer's testimony was incompetent, they argue, the WCJ's findings lack support of substantial evidence. We disagree.

A UR reviewer's assignment is to evaluate the reasonableness or necessity of a provider's treatment, not to devise or revise diagnoses, prognoses and treatment plans. Failure to obtain the entire medical file of a claimant does not automatically preclude a UR reviewer from assessing the reasonableness or necessity of a particular treatment. *Seamon v. Workers' Comp. Appeal Bd. (Sarno & Son Formals)*, 761 A.2d 1258 (Pa.Cmwlth.2000).

In *Seamon*, the employer filed a UR request challenging the reasonableness or necessity of Seamon's chiropractic treatment. The UR reviewer, after reviewing

---

3. *Before the WCJ, Reviewer testified that he spoke with Dr. Solomon before making his determination. Reviewer's seven page utilization review twice indicated Dr. Solomon refused contact. R.R. 326a–332a.*

4. This Court's review is limited to a determination of whether necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated, or an error of law was committed. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bey v. Workers' Comp. Appeal Bd. (Ford Elecs.)*, 801 A.2d 661 (Pa.Cmwlth.2002).

the medical file of Seamon's chiropractor, concluded that treatment was not reasonable or necessary. The UR reviewer summarized that those records did not provide a rationale for continued chiropractic care when the treatment was assessed, nor did it discuss Seamon's prior treatment plan or clinical outcome. The reviewer concluded the chiropractor did not provide an adequate reason to continue treatment. *Seamon*, 761 A.2d at 1260.

At that time, a reconsideration of the utilization review process was permitted, and a second UR reviewer reached the same conclusion. He relied, as well, on the lack of documentation showing the need for on-going chiropractic care. *Id.* at 1261. Neither reviewer contacted the health care provider.

After the UR reviewers' decisions were again reviewed by a WCJ and affirmed by the Board, Seamon appealed to this Court. Seamon argued the failure to obtain medical records from Seamon's earlier treating doctors rendered the UR determinations inadmissible or, at least, incompetent to support the finding that the treatment was not reasonable or necessary. He also claimed that failure precluded a "fair and impartial review" by the WCJ. *Id.*

This Court, sitting en banc in deciding this question of first impression, reviewed the extensive UR regulatory scheme.[5] We noted that the regulations contemplated the reviewing doctors assess the reasonableness or necessity of the particular treatment in the context of the entire course of care for the work-related injury. *Id.* at 1262. The Court determined the lack of a complete medical history does not preclude a UR reviewer from making a determination of reasonableness or necessity. Nor does the lack of that complete medical history preclude a WCJ from crediting and relying on the UR report.

If a reviewer cannot make a determination due to a lack of medical information, the regulatory scheme obligates the reviewer to resolve the issue in favor of the provider and to explain the reason for doing so. *See* 34 Pa.Code § 127.471(b). In *Seamon*, although both UR doctors noted the absence of information regarding the previous treatment, neither doctor indicated that they could not render an opinion due to the lack of medical records from other treating providers. Both doctors unequivocally opined that ongoing chiropractic care was not warranted for the type of injury noted. *Seamon*, 761 A.2d at 1262. The Court quoted the Act that a WCJ is obligated to consider the UR report as evidence, but is not bound by it. Section 306(f.1) of the Act, 77 P.S. § 531(6)(iv). The Court opined:

> The weight and credibility of the UR report, as with any other evidence, is for the fact-finder. Any deficiency or irregularity in the UR process can be argued before and considered by the WCJ in determining the weight and credibility of the UR evidence.

*Seamon*, 761 A.2d at 1262.

We recently reaffirmed these principles. In *Bolinsky v. Workers' Comp. Appeal Bd. (Norristown State Hospital)*, 814 A.2d 833 (Pa.Cmwlth.2003), a UR reviewer opined that a physical therapist's records did not support continued treatment. We again held that the failure to obtain the entire medical file does not automatically preclude a UR reviewer from assessing the reasonableness or necessity of a particular treatment. This is true even where there was no substantive contact between the reviewer and the treating health care provider. *Id.* at 836–37.

---

**5.** 34 Pa.Code §§ 127.407(a); 127.459(a)(b); 127.460(a)(c); and 127.462.

■ The WCJ must make credibility and weight of the evidence determinations regarding any irregularity or deficiency of the contested evidence. Here, as in *Seamon* and *Bolinsky,* the breadth of information reviewed is a factor which the factfinder may consider, but it is no more conclusive than any other single factor considered in evaluating the credibility of conflicting expert opinions. We decline the invitation to declare a UR reviewer's opinion automatically incompetent for failure to review the entire medical file or speak with the health care provider.

■ We disagree with Petitioners' argument that Reviewer's testimony did not provide the substantial evidence necessary to support the WCJ's decision. A WCJ may draw reasonable inferences from the evidence presented. On appeal, those conclusions must be reviewed in the light most favorable to the party that prevailed below. *Oscar Mayer and Co. v. Workmen's Comp. Appeal Bd. (Manzi),* 65 Pa.Cmwlth. 514, 442 A.2d 1238 (1982). It is within the WCJ's sole discretion to find facts, and, if those facts are grounded in competent evidence, neither the Board nor this Court may disturb them. *Hess Bros. v. Workmen's Comp. Appeal Bd. (Gornick),* 128 Pa.Cmwlth.240, 563 A.2d 236 (1989). Here, the WCJ reviewed the evidence of three depositions and exhibits and held two hearings. On the limited issue of the reasonableness of continued psychological treatment, he accepted the opinions of Reviewer over those of Dr. Solomon. Reviewer did not indicate that he could not render an opinion due to the lack of medical records. *See Seamon.* Reviewer's testimony supports the WCJ's determinations.

Accordingly, we affirm the decision of the Board.

### *ORDER*

AND NOW, this 15th day of April, 2003, the decision of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

Dissenting Opinion by Judge FRIEDMAN.

I respectfully dissent. The majority holds that the testimony of Alan Cooperstein, Ph.D., (the Reviewer) is competent and, therefore, constitutes substantial evidence to support a finding that the treatment provided to Ronald Smack (Claimant) by Ira Solomon, Ph.D., is not reasonable or necessary. For the reasons that follow, I cannot agree that the Reviewer's testimony is competent to support such a finding.

In a utilization review (UR) proceeding before a workers' compensation judge (WCJ), the employer bears the burden of proving by substantial competent evidence that the challenged medical treatment is not reasonable or necessary. *Topps Chewing Gum v. Workers' Compensation Appeal Board (Wickizer),* 710 A.2d 1256 (Pa. Cmwlth.1998). Medical testimony that is based upon possibilities is not legally competent evidence. *Industrial Recision Services v. Workers' Compensation Appeal Board (Farbo),* 808 A.2d 994 (Pa.Cmwlth. 2002).

In this case, the Reviewer admitted that, because of deficiencies in the materials provided, he could not "get a picture" of Claimant or determine whether Claimant's complaints were valid.[1] (R.R. at 281a, 295a.) It seems to me that, to determine

---

1. Moreover, the Reviewer conceded at his deposition that, because he did not examine Dr. Solomon's deposition testimony in depth, he

could not determine whether Dr. Solomon properly evaluated the propriety of biofeedback treatment for Claimant. (R.R. at 297a.)

whether specific treatment is reasonable or necessary for a claimant, a UR reviewer *must* have knowledge of the claimant's condition. A UR reviewer's function is not to guess about the reasonableness and necessity of treatment based on the *possible* condition of a claimant. The UR reviewer's opinion must be an informed opinion. If the records provided are deficient, the reviewer has an obligation under the UR regulations to seek additional materials.[2] Otherwise, a claimant who truly needs a particular treatment may be denied medical benefits based solely on a provider's inadequate records. Because the Reviewer admitted that he could not determine

Claimant's condition from the materials provided and because the Reviewer did not seek to supplement those materials, I conclude that the Reviewer's testimony was not competent to support a finding that Dr. Solomon's treatment of Claimant is not reasonable or necessary.

Accordingly, I would reverse.[3]

2. The regulation at 34 Pa.Code § 127.469 (emphasis added) states:

> The URO shall give the provider under review written notice of the opportunity to discuss treatment decisions with the reviewer. *The reviewer shall initiate discussion with the provider under review when such a discussion will assist the reviewer in reaching a determination.* If the provider under review declines to discuss treatment decisions with the reviewer, a determination shall be made in the absence of such a discussion.

Here, when asked whether he spoke to Dr. Solomon before making his decision, the Reviewer replied, "No. Typically, in a[UR], the materials that I receive will indicate whether the provider is requesting a contact. In his case, he refused contact.... [I]t was on a form that came from the [URO]." (R.R. at 288a.) However, although Dr. Solomon did not *request* an opportunity to discuss his treatment decisions with the Reviewer when the *URO* gave him written notice under 34 Pa. Code § 127.469, once the Reviewer conclud-

ed that the materials provided by Dr. Solomon lacked pertinent information, the *Reviewer* had an obligation under the regulation to initiate a discussion with Dr. Solomon in order to reach a proper determination. Although Dr. Solomon might have declined to speak with the Reviewer when he received notice, there is no reason to assume he would have continued to refuse had a request for information been made.

3. Indeed, the regulation at 34 Pa.Code § 127.471(b) states, "If the reviewer is unable to determine whether the treatment under review is reasonable or necessary, the reviewer shall resolve the issue in favor of the provider under review." Here, the Reviewer was unable to "get a picture" of Claimant and was unable to determine "how valid the [C]laimant's complaints were." (R.R. at 281a, 295a.) Absent an understanding of Claimant's condition, the Reviewer could not possibly determine what type of treatment would be reasonable or necessary for Claimant. Under those circumstances, the Reviewer should have resolved the matter in favor of Dr. Solomon.