# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerome Patton, : 
                Petitioner : 
                 : 
        v. :   No. 1095 C.D. 2017
                 :   Submitted: December 29, 2017
Workers' Compensation Appeal : 
Board (Delaware River Port Authority), : 
            Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: February 9, 2018**

Jerome Patton (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board). The Board affirmed the decision and order of a Workers' Compensation Judge (WCJ) denying Claimant's petition to review a utilization review determination (UR Determination) under the Workers' Compensation Act (Act).[1] Claimant argues the Board and the WCJ erred in concluding that certain chiropractic and related treatments were unreasonable and unnecessary. Upon review, we affirm.

## I. Background

In April 2015, Claimant sustained an injury in a motor vehicle accident in the course and scope of his employment with the Delaware River Port Authority of PA & NJ (Employer). Employer issued a Notice of Temporary Compensation

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1041.4, 2501-2708. UR Determinations are governed by Section 306(f.1) of the Act, 77 P.S. §531(6)(i).

Payable (NTCP) accepting an injury described as a neck and low back strain. The NTCP later converted to a Notice of Compensation Payable (NCP).

On August 13, 2015, Employer filed a utilization review request (UR Request). Employer sought review of the treatment provided to Claimant by Nicole Stoessel, R.N., D.C. (Provider) from July 6, 2015 and ongoing. The Workers' Compensation Bureau (Bureau) appointed an authorized utilization review organization (URO) to conduct the review. On October 15, 2015, the URO issued a UR Determination by its reviewer, Jane McBride, D.C. (Reviewer). Reviewer found Provider's chiropractic treatments were reasonable and necessary through September 28, 2015, but not thereafter. Reviewer found Provider's other treatments, including electrical stimulation, hot/cold packs, and manual therapy, were reasonable and necessary through August 6, 2015, but not thereafter. Reviewer further found that durable medical equipment Provider prescribed for Claimant on August 6, 2015 was reasonable and necessary, but that any additional medical equipment would be unreasonable and unnecessary.

Claimant filed a utilization review petition (UR Petition) seeking review of the UR Determination. The WCJ held a hearing on the UR Petition.

At the hearing, Claimant submitted a narrative report by Provider. WCJ's Op., 5/8/16, at 5. In her report, Provider listed the diagnostic studies performed on Claimant. Id. She summarized her examination, Claimant's complaints, and the treatments provided. Id. Provider opined that Claimant's condition improved during treatment but did not reach maximum medical

2

improvement.  Id.  She also opined that Claimant would continue to require treatment, that his condition would probably continue to deteriorate, and that he might require surgery in the future.  Id.  Ultimately, Provider opined that all the treatment she provided was reasonable and necessary.  Id.

Claimant offered both a written statement and testimony at the hearing.  Id. at 4-5.  He stated the treatment by Provider reduced his pain temporarily and allowed more activities than he would be able to perform without treatment.  Id. at 4.  He testified his pain worsened after he stopped receiving treatments.  Id. at 5.  He also received some injections from another medical provider, Tony R. Cucuzzella, M.D. (Dr. Cucuzzella), but although the injections did initially help, Claimant preferred the treatments offered by Provider.  Id.

Employer relied on the UR Determination and the supporting report of Reviewer.  Id. at 3.  Reviewer opined that chiropractic examinations and manipulative therapy would be reasonable for up to 12 weeks after injury.  Id.  She stated there should be a gradual shift toward more active participation by Claimant in his own care.  Id.  She concluded that electrical stimulation, hot/cold packs, and manual therapy were most effective in the early acute stages of injury treatment and therefore would be reasonable for up to four weeks after injury.  Id.  She noted that Claimant also received from Provider a Transcutaneous Electric Nerve Stimulation device (TENS unit), Biofreeze Gel, an ice pack, and a cervical pillow.  Id.  Reviewer concluded these were provided for home management of Claimant's symptoms and would eliminate the need for in-office administration of those therapies.  Id.

3

The WCJ made detailed findings in support of his credibility determinations. The WCJ found Claimant's testimony "less than credible," based on Claimant's appearance, comportment, and demeanor during his live testimony. Id. at 6.

In analyzing the contrasting opinions of Reviewer and Provider, the WCJ found Reviewer's opinions credible and persuasive. Id. Reviewer provided a very detailed summary of Claimant's history and treatment. Id. Reviewer cited medical literature in support of her opinions, while Provider did not. Id. Reviewer gave detailed and logical rationales for her opinions, while Provider offered only a general opinion and did not rebut the rationales of Reviewer. Id. Reviewer relied on established chiropractic treatment protocols, and Provider did not rebut them. Id. Reviewer's analysis of treatments and protocols, supporting a gradual shift toward more participation by Claimant in his treatment, was logical and reasonable, and again, Provider did not rebut it. Id.

In addition, the WCJ found Provider's opinion concerning the need for ongoing treatment was unclear. Id. at 7. Provider did not specifically opine that her own treatment of Claimant should continue. She did state that Claimant should continue with his pain management treatments, but she did not clearly indicate whether she meant chiropractic treatments, the nerve block injections provided by Dr. Cucuzzella, or both. Id.

The WCJ found Provider's treatments were reasonable and necessary in part and unreasonable and unnecessary in part, in accordance with Reviewer's

4

opinion, which the WCJ accepted. Id. at 9. The WCJ found Employer met its burden of proof to the extent supported by Reviewer's opinion. Id. The WCJ also found Employer's contest was reasonable. Id.

Claimant appealed to the Board, arguing the UR Determination was defective as a matter of law. Claimant contended the UR Determination failed to identify all Claimant's medical providers, was untimely, and applied an improper standard of review. The Board affirmed the WCJ's decision. Claimant then petitioned for review in this Court.

## II. Issue

On appeal,[2] Claimant argues the WCJ improperly shifted the burden of proof to Claimant. He contends the UR Determination was defective because the UR Request was improper, the Reviewer did not perform a complete review of medical records, the Reviewer applied an incorrect standard of review, and the UR Determination was untimely. Claimant further argues the WCJ's credibility determinations were improper or insufficient. Finally, Claimant seeks a remand for imposition of unreasonable contest fees against Employer.

---

[2] Our review of the Board's decision is limited to a determination of whether necessary findings of fact were supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. 2 Pa. C.S. §704; Solomon v. Workers' Comp. Appeal Bd. (City of Phila.), 821 A.2d 215 (Pa. Cmwlth. 2003).

5

### III. Discussion

### A. Burden of Proof

In a proceeding on a UR Petition, the employer has the burden of proving that the medical treatment at issue is unreasonable and unnecessary. Topps Chewing Gum v. Workers' Comp. Appeal Bd. (Wickizer), 10 A.2d 1256 (Pa. Cmwlth. 1998). Claimant acknowledges that the WCJ recited the correct burden of proof. Nevertheless, Claimant insists the WCJ effectively shifted the burden to Claimant. Claimant argues the WCJ improperly required Provider to explain why her treatment of Claimant was reasonable and necessary, instead of requiring Employer to prove the treatment was unreasonable and unnecessary. We disagree.

The WCJ summarized the reports of both Reviewer and Provider. WCJ's Op., 5/8/16, at 3-5. In forming his credibility determination, the WCJ found Reviewer's observations and opinions were very detailed, logical, and reasonable, and Reviewer cited supporting medical literature. Id. at 6. By contrast, the WCJ found Provider's report did not cite any supporting medical literature, did not respond to Reviewer's analysis, and was unclear about the need for ongoing treatments. Id. at 6-7. The WCJ therefore accepted Reviewer's opinion as credible. Id. at 6, 9. The WCJ's credibility determination did not shift the burden of proof.

Claimant's reliance on Sweigart v. Workers' Compensation Appeal Board (Burnham Corp.), 920 A.3d 962 (Pa. Cmwlth. 2007) is misplaced. In Sweigart, the reviewing physician did not set forth his own analysis to explain why the medical treatment at issue was not reasonable or necessary. Rather, he based his conclusion solely on what he viewed as a failure of the treating provider to offer a

6

convincing explanation of why the treatment was reasonable and necessary. This Court explained that this improperly shifted the burden of proof, but added that had the reviewing physician provided a detailed explanation for his own opinion, the employer could have met its burden. Id. Cf. Womack v. Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.), 83 A.3d 1139 (Pa. Cmwlth.), appeal denied, 626 A.3d 1011 (Pa. 2014) (no improper shift in the burden of proof where reviewer opined that provider's chiropractic treatments were unsupported by sufficient information concerning the purposes, objectives, and outcomes of treatment).

In this case, unlike in Sweigart, Reviewer did not merely rely on a perceived absence of proof in Provider's reports. On the contrary, the WCJ specifically found that Reviewer provided a detailed, logical, reasonable explanation of his own reasoning. Nothing in the WCJ's analysis suggests any improper shift of the burden of proof away from Employer.

### B. The UR Determination

Claimant next argues the UR Determination was defective for several reasons. We disagree.

### 1. The UR Request

Claimant contends the UR Determination was defective because the UR Request was improper. Specifically, Claimant argues the UR Request was incomplete because it did not list all treatment providers. Claimant suggests the UR Request was therefore defective as a matter of law. Claimant further suggests Reviewer and the URO should have declined to conduct a review based on an

7

incomplete request. Claimant cites <u>Seamon v. Workers' Compensation Appeal Board (Sarno & Son Formals)</u>, 761 A.2d 1258 (Pa. Cmwlth. 2000) (<u>en</u> <u>banc</u>).

This Court's analysis in <u>Seamon</u> does not support Claimant's position. <u>Seamon</u>, like this case, concerned a UR determination concerning chiropractic treatment provided to the claimant. This Court observed that the regulatory scheme developed under the Act contemplates assessment of reasonableness and necessity of a specific provider's treatment in the context of the overall course of care provided to the claimant. However, we expressly found an incomplete documentary medical history "does not automatically preclude a UR doctor from making a determination of reasonableness or necessity; nor does it preclude a WCJ from crediting and relying on the UR report." <u>Id.</u> at 1262.

Moreover, this Court pointed out in <u>Seamon</u> that in weighing the evidence and determining credibility, the WCJ can consider any irregularities in the review process. Once the employer satisfies its burden of proof by relying on a UR determination, the claimant then has the burden to rebut that evidence, which he may do by submitting other medical evidence. <u>Id.</u> Here, Claimant did not present credible medical evidence to rebut the UR Determination.

**2. Completeness of the Medical Records**

Claimant argues Reviewer improperly based her conclusions on her review of the incomplete medical records. Claimant contends that in determining whether Provider's treatment of Claimant was reasonable and necessary, Reviewer

8

should have reviewed all records from all of Claimant's medical providers, not just Provider. We discern no merit in this argument.

The WCJ and the Board correctly observed that Reviewer did not state she was unable to render an opinion because medical records were missing. WCJ's Op., 5/8/16, at 8; Bd. Op., 8/1/17, at 6. In the absence of such a statement by Reviewer, there was no need for her to review all records of everyone who provided medical treatment to Claimant in order to opine solely concerning the reasonableness and necessity of the treatment by Provider. Solomon v. Workers' Comp. Appeal Bd. (City of Phila.), 821 A.2d 215 (Pa. Cmwlth. 2003); Seamon. The WCJ must make credibility determinations regarding alleged irregularities or deficiencies in the evidence. The extent of the information reviewed to support a UR Determination is one factor the WCJ may consider in assessing credibility, but it is no more conclusive than any other factor. Solomon.

Claimant acknowledges his argument on this issue is directly contrary to this Court's holding in Seamon. He asks us to overturn Seamon. We decline to do so. This Court's en banc decision in Seamon was thorough and painstaking, and it correctly applied the Act. See also Solomon. We find no basis to revise it.

### 3. Standards Applied by Reviewer

Claimant also argues Reviewer applied incorrect standards in determining the reasonableness and necessity of Provider's treatment. We disagree.

9

Claimant contends Reviewer should have focused on determining the treatment goal and whether the treatment was designed to achieve that goal. Contrary to Claimant's argument, Reviewer did not simply focus on the outcome of the treatment. Reviewer likewise did not suggest that treatment with a purely palliative goal could never be reasonable and necessary, that the mere availability of home treatment made further office treatment unreasonable and unnecessary, or that overlapping forms of treatment were automatically unreasonable and unnecessary. Rather, Reviewer opined that Provider's treatment did not comply with established chiropractic treatment protocols, and Provider did not provide records or an opinion rebutting Reviewer's conclusion. WCJ's Op., 5/8/16, at 6.

Claimant suggests Reviewer's reference to medical literature concerning general guidelines for treatment plans was not appropriate in determining whether medical care was reasonable or necessary. Claimant argues that by referring to medical literature in her opinion, Reviewer imposed on Provider requirements not found in the Act. We disagree that Reviewer imposed any improper requirement on Provider. As explained above, Reviewer simply opined that Provider's treatment exceeded that of established chiropractic protocols. Id. That opinion was squarely within the scope of a UR Determination under the Act.

### 4. Timeliness of the UR Determination

Claimant next argues that the record fails to establish whether the UR Determination was timely. A UR determination is due 30 days after the request is complete. Section 306(f.2) of the Act, 77 P.S. §531(6)(ii); 34 Pa. Code §127.465(b). The request is complete when the URO receives the medical records, or 35 days

from the date the Bureau assigns the review to the URO, whichever is earlier. 34 Pa Code §127.465(a). Thus, a UR determination is due, at the latest, 65 days after the Bureau's assignment of the request to the URO. Womack.

In this case, the record does not reflect when the URO received Provider's records. However, the URO issued the UR Determination 62 days after the Bureau's assignment. Bd. Op. at 7. The Board therefore found the UR Determination was facially timely, although it may have been late depending on when the URO received the records for review. Id.

Nevertheless, Claimant argues the UR Determination should be deemed untimely and inadmissible because its timeliness is not clear on the record. We disagree that Employer had a burden to establish the timeliness of the UR Determination in order to rely on it as evidence. Moreover, even if the UR Determination was late, that would not affect its admissibility, based on this Court's decision in Womack.

In Womack, the URO issued its determination 11 days late. The claimant asserted the determination was void. This Court declined to penalize the employer, which did not supervise or control the URO. We explained:

> [The] [e]mployer here did not fail to follow any prescribed statutory time period in either the Act or the regulations. Yet, [the] [c]laimant asks that we essentially prejudice [the] [e]mployer's rights under the Act to seek review of medical treatment for medical necessity and reasonableness because an entity beyond [the] [e]mployer's control, the URO, failed to meet its statutory and regulatory deadlines to issue a written determination. We see no basis in the Act or the regulations, even in light of the Act's remedial nature and affording it

11

liberal construction in favor of the injured worker, to hold [the] [e]mployer, or even a claimant or a provider if they happen to request utilization review under the Act, so accountable.

Id. at 1143. Noting that the Bureau (not the employer, the claimant, or the provider) chose and appointed the URO, this Court concluded that a URO's failure to provide a timely review might lead to loss of authorization from the Bureau to conduct future UR reviews, but it would not void the URO's determination. Id. at 1147-48.

Claimant acknowledges that Womack directly applies in this case. He does not attempt to distinguish Womack, but asks us to overturn that case. We decline to do so. As in Seamon, this Court's analysis in Womack was thorough and painstaking, and it correctly applied the Act.

## C. The WCJ's Credibility Determinations

Claimant next argues the WCJ did not support his credibility determination with an analysis of objective factors, and did not explain why he found Reviewer more credible than Provider. Contrary to Claimant's argument, the WCJ set forth an extensive analysis of the opinions of both Reviewer and Provider, comparing the two carefully in making his credibility determinations. The WCJ found Reviewer credible because the opinions Reviewer expressed were detailed, logical, and reasonable. The WCJ's analysis went far beyond merely reciting excerpts of Reviewer's report.

Claimant also challenges the WCJ's consideration of Reviewer's citation of applicable medical literature as supporting Reviewer's credibility. Citing no legal authority, Claimant insists a physician's citation of medical literature is

12

meaningless unless the WCJ himself reads the cited text. We reject this unsupported and conclusory argument.

Claimant argues the WCJ failed to make any credibility determination relating to Provider. We disagree. The WCJ expressly accepted as credible the finding of Reviewer that portions of Provider's treatment were not reasonable and necessary. The logical corollary of that conclusion by the WCJ was that Provider's opposing opinion was not credible. Claimant cites no authority, and we are aware of none, requiring the WCJ to state expressly that in accepting one opinion, he also rejects the opposing opinion. To the contrary, this Court recognizes implicit credibility findings. See, e.g., York Cnty. Children & Youth Servs. v. Dep't of Pub. Welfare, 668 A.2d 185 (Pa. Cmwlth. 1995) (in finding one expert's opinion flawed, DPW implicitly found credible the contrary opinion of an opposing expert); Rife v. Unemployment Comp. Bd. of Review, (Pa. Cmwlth., No. 811 C.D. 2012, filed December 21, 2012), 2012 WL 8681498 (unreported) (in finding employer's evidence credible, the Unemployment Compensation Board of Review implicitly rejected the claimant's conflicting testimony); Ketcha-Tracewski v. Workers' Comp. Appeal Bd. (Atlantic Coast Air, AI.G. Claim Services, Inc.) (Pa. Cmwlth., No. 1584 C.D. 2007, filed January 24, 2008), 2008 WL 9398742 (unreported) (in crediting the opinion of the employer's expert, the WCJ implicitly rejected the opposing opinion of the claimant's expert). We find these decisions persuasive. See 210 Pa. Code §69.414(a).

Claimant asserts there is evidence arising in subsequent litigation that supports the credibility of his testimony that Provider's treatment was reasonable

13

and necessary. Claimant does not cite to the alleged litigation. Moreover, it is not part of the certified record in this case. We will not consider unsubstantiated averments appearing only in Claimant's brief. See Herron v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 707 C.D. 2015, filed Dec. 10, 2015), 2015 WL 8538927 (unreported) (refusing to consider claimant's averments of fact, not contained in the certified record, considering events subsequent to agency decision). We find the reasoning of Herron persuasive on this issue.

**D. Claimant's Fee Demand**

In his brief to this Court, Claimant for the first time requests an award of attorney fees, asserting that Employer's position constituted an unreasonable contest. This fee demand is unpreserved and insufficiently developed in Claimant's brief, consisting merely of conclusory averments with no supporting analysis. It is therefore waived. Berner v. Montour Twp., 120 A.3d 433 (Pa. Cmwlth. 2015).

In any event, Claimant's fee request fails as the WCJ expressly found Employer's contest was reasonable. WCJ's Op., 5/8/16, at 9. Because we conclude that the WCJ correctly decided this matter in Employer's favor, Claimant has no basis to seek an unreasonable contest fee award.

**IV. Conclusion**

Based on the foregoing, we affirm the Board's decision and order.

_____
ROBERT SIMPSON, Judge

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerome Patton,                          :
                    Petitioner          :
                                        :
        v.                              :   No. 1095 C.D. 2017
                                        :
Workers' Compensation Appeal            :
Board (Delaware River Port Authority),  :
                    Respondent          :

# **O R D E R**

**AND NOW**, this 9th day of February, 2018, the order of the Workers'
Compensation Appeal Board is **AFFIRMED**.


_____
ROBERT SIMPSON, Judge