Roy CARTER and North Philadelphia
Rehabilitation Center,
Petitioners,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (HERTZ COR-
PORATION), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 28, 2001.

Decided Jan. 30, 2002.

Lenard A. Cohen, Philadelphia, for petitioners.

Brian J. Durkin, Philadelphia, for respondent.

Before COLINS, Judge, LEADBETTER, Judge, MIRARCHI, Jr., Senior Judge.

COLINS, Judge.

Roy Carter and North Philadelphia Rehabilitation Center (Rehab Center) petition for review of the Workers' Compensation Appeal Board order affirming the grant of Carter's claim petition and the denial and dismissal of the Rehab Center's utilization review petition.

On February 12, 1997, Carter filed a claim petition after his employer, Hertz Corporation, filed a notice of compensation denial in connection with Carter's having allegedly fallen down stairs during the course and scope of his employment as a driver, sustaining a fracture to his left knee. Hertz denied all material allegations. On July 21, 1997, Hertz's workers' compensation insurance carrier filed a utilization review request to determine the reasonableness and necessity of the medical treatment provided to Carter by the Rehab Center beginning on June 2, 1997 and ongoing. The utilization review request referenced a bill the insurer received on July 11, 1997, and the insurer checked the "Medical Only" option in response to the following:

Liability for this employee's injury has been accepted/determined by (check only one):

☐ NCP (Notice of Compensation Payable)

☐ WC Judge Decision

☐ Medical Only

A utilization review determination dated September 8, 1997 determined that the treatment provided by the Rehab Center was medically unnecessary and unreasonable. (Employer's Exhibit D–3.)

The Rehab Center filed a petition for review of utilization review determination, which was consolidated with Carter's claim petition. After taking evidence, the judge credited the testimony of orthopedic surgeon, Dr. Victor Frankel, testifying for the employer, that Carter had recovered from his work injury as of June 2, 1997, the date he examined Carter. The judge found Dr. Frankel's testimony to be more credible and persuasive than that of Dr. Richard Glick, D.O., an obstetrician/gynecologist who maintains the Rehab Center and is its only professional employee. (Finding of Fact No. 7a.)

[T]his Workers' Compensation Judge accepts Dr. Frankel's testimony as fact that the Claimant had recovered from his work related injury as of the date he examined him and that the treatment provided by Dr. Glick at North Philadelphia Rehabilitation Center was not reasonable or necessary. The Claimant did not even seek treatment by Dr. Glick, whose specialty is unrelated to the Claimant's problem, until after he had been discharged twice by his treating physician, Dr. Duda, and by the physical therapy providers for having reached maximum benefit for his left knee problem. On the other hand, Dr. Frankel, who specializes in orthopedic problems, found nothing on examination that would be either disabling or related to the Claimant's work injury. Furthermore, Dr. Glick made no attempt to continue decreasing the Claimant's visits to physical therapy, and he opined the Claimant could not perform his pre-injury work while admitting he did not know the number of hours the Claimant worked per day or how many days he worked in a week.

(Finding of Fact No. 12.) The judge concluded that the employer proved that the treatment provided by the Rehab Center was not reasonable or necessary and dismissed and denied the Rehab Center's utilization review petition. The Board affirmed.

■ On appeal to Commonwealth Court, the Rehab Center raises the single argument that it raised before the Board: that the judge lacked jurisdiction to decide the utilization review petition because the petition was filed during the pendency of the claim petition. The Rehab Center argues that an employer may not file a utilization review request until after liability for the underlying injury is either accepted or adjudicated, and that because the utilization review request was untimely, the judge had no jurisdiction over the petition to review the utilization review determination, which was void ab initio. It argues that the employer misstated the facts when it checked the "Medical Only" box and that the Bureau would not have processed the utilization review request had the employer indicated that it had not accepted liability for the underlying work injury.

Pursuant to Section 306(f.1)(6)(i) of the Workers' Compensation Act (Act),[1] "[t]he reasonableness and necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer." The provider, employer, employe, or insurer may appeal the findings of the utilization review organization by petition for review filed within 30 days after receipt of the report, which serves as evidence on appeal before a judge. Section 306(f.1)(6)(iv) of the Act, 77 P.S. § 531(6)(iv).

The regulations provide in pertinent part,

**§ 127.401. Purpose/review of medical treatment.**

. . . .

(c) UR may be requested by or on behalf of the employer, insurer or employe.

. . . .

**§ 127.404. Prospective, concurrent and retrospective review.**

(a) UR of treatment may be prospective, concurrent or retrospective, and may be requested by any party eligible to request UR under § 127.401(c) (relating to purpose/review of medical treatment).

(b) If an insurer or employer seeks retrospective review of treatment, the request for UR shall be filed within 30 days of the receipt of the bill and medical report for the treatment at issue. Failure to comply with the 30–day time period shall result in a waiver of retrospective review. If the insurer is contesting liability for the underlying claim, the 30 days in which to request retrospective UR is tolled pending an acceptance or determination of liability.

(c) If an employe files a request for UR of treatment, the Bureau will confirm whether the insurer is liable for the underlying alleged work injury. The Bureau will process the UR request only when workers' compensation liability for the underlying injury has been accepted or determined.

. . . .

**§ 127.405. UR of medical treatment in medical only cases.**

(a) In medical only cases, when an insurer is paying for an injured worker's medical treatment but has not either

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(6)(i).

filed documents with the Bureau admitting liability for a work-related injury nor has there been a determination to the effect, the insurer may still seek review of the reasonableness or necessity of the treatment by filing a request for UR.

(b) If the insurer files a request for UR in a medical only case, the insurer is responsible for paying for the costs of the UR.

(c) If the insurer files a request for UR in a medical only case, then the insurer shall be liable to pay for treatment found to be reasonable or necessary by an uncontested UR determination.

34 Pa.Code §§ 127.401(c), 127.404(b) and (c), and 127.405.

■ What is clear from this regulatory scheme is that the employer, the insurer, or the employee may request utilization review that is retrospective, concurrent, or prospective. When an employer seeks retrospective review, as in this case, 34 Pa. Code § 127.404(b) states that the request must be filed within 30 days of the receipt of the bill and medical report or the review is waived. Although the 30 day period is tolled pending an acceptance of determination of liability when the insurer is contesting liability for the underlying claim, the regulation does not preclude an employer from filing a request for retrospective review during the pendency of the claimant's claim petition. Contrary to Carter's contention, the Bureau would not have rejected the utilization review request pursuant to § 127.404(c) *if it had not been marked*

as "medical only" because Section 404(c) applies to utilization review requests filed by an employee.

■ Although "medical only" is not defined by statute or regulation and its application may be open to interpretation, the employer's error (if in fact it were an error) in checking the "medical only" box would not void its otherwise permissible utilization review request.[2] The request clearly identified the treatment and provider at issue and that liability had not been determined. The utilization review organization decides only the reasonableness and necessity of the treatment at issue. *Seamon v. Workers' Compensation Appeal Board (Sarno & Sons Formals)*, 761 A.2d 1258 (Pa.Cmwlth.2000), *petition for allowance of appeal granted*, 566 Pa. 654, 781 A.2d 150 (2001).

■ Carter's petition to review the utilization review determination was then subsequently consolidated with his claim petition. Had the employer not filed its retrospective utilization review request, the reasonableness and necessity of his medical expenses would still have been at issue before the judge in the context of Carter's claim petition.[3] As it was, in the context of Carter's petition to review the utilization review determination, the medical reasonableness and necessity of the treatment provided by the Rehab Center was to be determined by the judge de novo, considering the utilization review report as evidence along with any other evidence, and ultimately determining the weight and credibility of all of the evi-

---

**2.** We note that this case would seem to fall squarely within the parameters of 34 Pa.Code § 127.405(a), set forth above, as a request by an insurer in a case where the insurer is *paying for the worker's medical treatment, but there has been no admission of liability or determination to that effect.*

**3.** Although the employer/insurer could have filed its retrospective utilization review request within 30 days after the judge's ruling on the claim petition, 34 Pa.Code § 127.404(b), by filing beforehand the insurer permitted the consolidation of the petitions for evidentiary purposes.

dence. *Seamon.* The judge has jurisdiction over all utilization review petitions and any alleged technical deficiency or irregularity in the utilization review process; the de novo hearing before the judge provides for a fair review in which both parties were free to offer other evidence. *Id.* In this case, the judge considered all of the evidence, made credibility determinations in favor of the employer's medical witness, Dr. Frankel, and concluded that the employer had proved that the treatment provided by Dr. Glick at the Rehab Center was not medically reasonable or necessary. The judge's conclusion on this issue was supported by substantial credible evidence.

Accordingly, the order of the Board is affirmed.

### *ORDER*

AND NOW, this 30th day of January 2002, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.