James Burgess, : 
                       Petitioner : 
                                 : 
           v. : 
                                 : 
Workers' Compensation Appeal Board : 
(Patterson-UTI Drilling Company LLC), :   No. 778 C.D. 2019
                 Respondent :   Submitted: March 24, 2020


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge

OPINION BY
JUDGE COVEY                           FILED: May 1, 2020


        James Burgess (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) May 29, 2019 order affirming the Workers' Compensation Judge's (WCJ) decision granting the Petition for Review of Utilization Review (UR) Determination (UR Petition) filed by Patterson-UTI Drilling Company, LLC (Employer). Claimant presents three issues for this Court's review: (1) whether the WCJ had jurisdiction under the WC Act[1] (Act) and the Department of Labor & Industry's (Department) Regulations to determine whether Claimant's care should be transferred from a long-term acute care (LTAC) facility to a skilled nursing facility; (2) whether the WCJ's decision was based on substantial evidence; and (3) whether the WCJ rendered a reasoned decision.

        On December 14, 2012, Claimant sustained a severe work-related injury while in the scope and course of his employment and, on December 28, 2012,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

Employer filed a Notice of Temporary Compensation Payable (NTCP), accepting the injury as tetraplegia.[2]  The NTCP converted to a Notice of Compensation Payable (NCP) by operation of law.

Since December 2014, Claimant has resided at an LTAC facility.  In August 2016, Employer filed a request seeking a UR determination regarding the reasonableness and necessity of Claimant's continued presence at the LTAC facility.  On August 24, 2016, the Department's Bureau of Workers' Compensation (Bureau) notified Employer by document titled "Return of [UR] Request" (Return of UR Request) that it was returning the UR request without assigning it to a UR Organization (URO) because the "treatment to be reviewed is not a healthcare service . . . .  Determining **where** the healthcare service is being provided cannot be determined by a reviewer."  Reproduced Record (R.R.) at 10a (emphasis added).  Thereafter,[3] Employer again requested review of the reasonableness and necessity of Claimant's stay at the LTAC facility and, on September 22, 2016, the Bureau issued a Return of UR Request, referencing its August 24, 2016 Return of UR Request, and returned the UR Request without assigning it to a URO for a UR review.

On October 27, 2016, Employer filed a UR request to determine the reasonableness and necessity of Claimant's treatment from providers at the LTAC facility: Ikechukwu Unezurike, M.D., Mariejane Braza, M.D., Julie Philley, M.D., and Mukakeer Shaik, M.D.  On December 28, 2016, the URO issued a UR determination (Unezurike UR Determination) concluding that the reviewed medical treatment was reasonable and necessary based on Claimant's medical conditions and because the providers were employed at the LTAC facility where Claimant resides. Employer also filed a UR request with respect to Claimant's treatment by Troy Callender, M.D. (Dr. Callender).  On December 28, 2016, the assigned URO issued a

---

[2] Tetraplegia is also known as quadriplegia.

[3] The record is unclear regarding the specific date Employer made the subsequent request.

UR determination (Callender UR Determination) concluding Dr. Callender's treatment was reasonable and necessary.

On January 13, 2017, Employer filed the UR Petition, wherein it sought review of the Unezurike UR Determination and the Callender UR Determination. The WCJ held hearings on February 22 and December 19, 2017. At the hearings, Employer clarified on the record that it was not alleging that the providers' treatment was not reasonable or necessary, but rather that Employer filed the UR Petition to permit the WCJ to address the reasonableness and necessity of Claimant's continued residency at the LTAC facility as opposed to a skilled nursing facility. *See* R.R. at 55a-56a, 79a-80a. Employer submitted the Unezurike UR Determination and the Callender UR Determination to the WCJ. It also offered into evidence the Bureau's August 24 and September 22, 2016 Return of UR Requests. In addition, Employer introduced expert Lucian Bednarz, M.D.'s deposition testimony.

Claimant presented no evidence on the reasonableness and necessity of Claimant's continued residency at the LTAC facility. Based on the evidence presented, the WCJ concluded that Employer had sustained its burden of demonstrating that Claimant's continued stay at the LTAC facility was not reasonable and necessary, and that Claimant should be moved to a skilled nursing facility. Claimant appealed to the Board, arguing that the WCJ lacked jurisdiction to determine that Claimant's care should be transferred, that Employer should have filed a different petition to transfer Claimant's care, that substantial evidence did not support the WCJ's decision to transfer Claimant to a skilled nursing facility, and that the WCJ had failed to render a reasoned decision.

On May 29, 2019, the Board affirmed the WCJ's order, concluding that the WCJ had jurisdiction to address whether Claimant's care should be transferred from the LTAC facility as follows:

3

The WCJ does not have subject matter jurisdiction to determine the reasonableness and necessity of medical treatment and order specific treatment be paid by [Employer] until the parties undergo the mandatory UR procedures and a UR Determination has been rendered on the issue. **Thereafter, during a UR Petition, the parties are entitled to argue in front of the WCJ that he should consider any alleged deficiency in the UR process which may have affected the UR Determination, such that the WCJ may undergo a fair assessment of the evidence before him**. Moreover, the WCJ has the authority to grant the relief requested by the moving party, so long as the evidence supports such relief, the adverse party is on notice of the specific relief requested, and the adverse party has had a fair opportunity to defend against the allegations. **The WCJ did not have jurisdiction to review whether Claimant's continued stay in an LTAC facility was reasonable and necessary until the required UR process was met**. [**Employer**] **originally filed a UR Request to specifically address this issue but it was returned by the Bureau with a note that the URO could not properly review the issue**. **Thereafter,** [**Employer**] **filed the UR Requests challenging the reasonableness and necessity of Claimant's various LTAC physicians, so that it could present its arguments to the WCJ that the UR process is deficient** because it does not allow [Employer] to request a review of [Claimant's] level of care.

R.R. at 95a-96a (emphasis added; citations omitted). The Board also concluded that the WCJ's decision was based on substantial evidence, in that "Dr. Bednarz's credible and uncontradicted testimony specifically addressed the reasons why Claimant should be transferred to a skilled nursing facility . . . ." R.R. at 97a. Finally, the Board concluded that the WCJ had issued a reasoned decision which allowed for effective judicial review. Claimant appealed to this Court.[4]

---

[4] "Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence." *Torijano v. Workers' Comp. Appeal Bd. (In A Flash Plumbing)*, 168 A.3d 424, 428 n.3 (Pa. Cmwlth. 2017).

4

Initially, "the overall remedial purpose and humanitarian objective of the WC Act . . . is intended to benefit the injured worker." *Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 616 (Pa. Cmwlth. 2018). Further,

> [t]he purpose of the [UR] process is[]

>> to encourage payment of medical bills in cases that are treated, at least initially, as medical only. Were insurers unable to avail themselves of the UR process, they might well be less inclined to pay, voluntarily, for medical treatment, thus, resulting in more litigation. The present system encourages payment of medical bills by providing insurers with a method to limit payments where they believe treatment becomes unnecessary and unreasonable.

*Armstrong v. Workers' Comp. Appeal Bd. (Haines & Kibblehouse, Inc.)*, 931 A.2d 827, 831 (Pa. Cmwlth. 2007) (quoting *Krouse v. Workers' Comp. Appeal Bd. (Barrier Enters., Inc.)*, 837 A.2d 671, 675 (Pa. Cmwlth. 2003)).

> Section 306(f.1)(6) of the Act provides, in relevant part:

> [D]isputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

>> (i) The reasonableness or necessity of all treatment provided by a health care provider under this [A]ct may be subject to prospective, concurrent or retrospective [UR] at the request of an employe, employer or insurer. The [D]epartment shall authorize [UROs] to perform [UR] under this [A]ct. [UR] of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not

5

authorized by the [D]epartment may not engage in such [UR].

(ii) The [URO] shall issue a written report of its findings and conclusions within thirty (30) days of a request.

(iii) The employer or the insurer shall pay the cost of the [UR].

(iv) If the provider, employer, employe or insurer disagrees with the finding of the [URO], a petition for review by the [D]epartment must be filed within thirty (30) days after receipt of the report. The [D]epartment shall assign the petition to a [WCJ] for a hearing or for an informal conference under [S]ection 402.1 [of the Act, 77 P.S. § 711.1[5]]. The [UR] report shall be part of the record before the [WCJ]. The [WCJ] shall consider the [UR] report as evidence but shall not be bound by the report.

77 P.S. § 531(6).

This Court has explained:

The . . . [UR] process is the exclusive way to challenge medical bills. **Neither a WCJ nor the Board has jurisdiction to determine the reasonableness of medical treatment unless and until a report is issued and the URO issues a determination. Parties may not, even by stipulation, agree to bypass [UR] and proceed directly to a hearing before a WCJ.**

If the health care provider, employer, employee or insurer disagrees with the determination of the URO, he may, within 30 days of the URO's determination, seek review by a WCJ. This hearing before the WCJ is a *de novo* proceeding; the WCJ is required to consider the reviewer's report as evidence, but he is not bound by it.

---

[5] Section 402.1 of the Act was added by Section 13 of the Act of June 24, 1996, P.L. 350.

*Cty. of Allegheny v. Workers' Comp. Appeal Bd. (Geisler)*, 875 A.2d 1222, 1226-27 (Pa. Cmwlth. 2005) (emphasis added; citations and footnote omitted). In a "WCJ review of a UR determination[,] . . . 'either party is free to offer evidence beyond that considered in the UR process in meeting their [sic] burden of proof.'" *The Rd. Toad, Inc. v. Workers' Comp. Appeal Bd. (McLean)*, 8 A.3d 922, 924 (Pa. Cmwlth. 2010) (quoting *Seamon v. Workers' Comp. Appeal Bd. (Sarno & Son Formals)*, 761 A.2d 1258, 1262 (Pa. Cmwlth. 2000)). Importantly, "[t]he [**WCJ**] **has jurisdiction over** all [UR] petitions and **any alleged technical deficiency or irregularity in the** [**UR**] **process**; the *de novo* hearing before the [WCJ] provides for a fair review in which both parties [are] free to offer other evidence." *Carter v. Workers' Comp. Appeal Bd. (Hertz Corp.)*, 790 A.2d 1105, 1109 (Pa. Cmwlth. 2002) (bold emphasis and italic added).

> Notwithstanding,
>
> [UR] is not an alternative to a review by a WCJ, but a mandatory first step in determining whether a provider's treatment is reasonable and necessary. This Court has consistently held that **a WCJ lacks subject matter jurisdiction to determine the reasonableness and necessity of medical treatment if the matter has not first gone to** [**UR**].

*Cty. of Allegheny,* 875 A.2d at 1228 (emphasis added).

Claimant first argues that the WCJ lacked jurisdiction to determine whether Claimant's care should be transferred from an LTAC facility to a skilled nursing facility because that determination was beyond the scope of permissible UR consideration, and should have been raised in a petition to review medical treatment.

Claimant acknowledges the general rule that "strictness of pleadings in WC proceedings is not required. If one party effectively puts the adverse party on notice as to the theory of relief that it is seeking, the WCJ will be authorized to grant the relief requested [(General Rule)]." *Lake v. Workers' Comp. Appeal Bd.*

7

*(Whiteford Nat'l Lease)*, 746 A.2d 1183, 1187 (Pa. Cmwlth. 2000) (citation omitted); *see also Ohm v. Workmen's Comp. Appeal Bd. (Caloric Corp.)*, 663 A.2d 883, (Pa. Cmwlth. 1995). Nonetheless, Claimant argues the General Rule is inconsistent with the UR process which "is unique in that it is narrow in scope, limited to the reasonableness or necessity of the treatment at issue, and governed by specific and extensive regulations set forth at [Sections 127.401-556 of the Department's Regulations,] 34 Pa. Code §§ 127.401-556." Claimant Br. at 11. In support, Claimant specifically references Section 127.406 of the Department's Regulations, which provides:

> (a) **UROs shall decide only the reasonableness or necessity of the treatment under review**.
>
> (b) **UROs may not decide** any of the following issues:
>
> (1) The causal relationship between the treatment under review and the employe[e]'s work-related injury.
>
> (2) Whether the employe[e] is still disabled.
>
> (3) Whether 'maximum medical improvement' has been obtained.
>
> (4) Whether the provider performed the treatment under review as a result of an unlawful self-referral.
>
> (5) The reasonableness of the fees charged by the provider.
>
> (6) The appropriateness of the diagnostic or procedural codes used by the provider for billing purposes.
>
> (7) **Other issues which do not directly relate to the reasonableness or necessity of the treatment under review**.

34 Pa. Code § 127.406 (emphasis added).

Based thereon, Claimant contends that Section 127.406(b)(7) of the Department's Regulations prohibited the URO from considering whether Claimant's

8

receipt of care at the LTAC facility was reasonable and necessary, because Claimant's presence at the facility did "not directly relate to the reasonableness or necessity of the treatment under review" as described therein, and accordingly, it was improper for the WCJ to consider the issue. 34 Pa. Code § 127.406(b)(7).

> Employer responds:
>
> Claimant cannot and has not shown how the current decision does not fit within the realm of what a Petition for Review of [UR] Determination can review or how it is within the categories of determinations that the [URO] cannot review. *See* 34 Pa. Code § 127.406(b)(1-7). While highlighting [Section 127.406(b)(]7[) of the Department's Regulations], '[o]ther issues which do not directly relate to the reasonableness or necessity of the treatment under review,' Claimant has not and cannot argue that the treatment in a[n] LTAC [facility] 'does not directly relate to the treatment under review.' *Id.* at (b)(7). In fact, they are inherently related. The only difference is that instead of the general reasonableness of treatment in the facility by certain providers, here it is whether the location of treatment is reasonable and necessary. The question is whether it is reasonable and necessary to continue treatment in a[n] LTAC [facility] when there is available treatment, arguably better treatment, available at a skilled long[-]term care facility.
>
> Claimant's arguments about the intent and interactions between statutory provisions is not applicable in this situation when there is a strict interplay between the reasonableness and necessity of treatment, and where that treatment occurs. Employer filed the [UR Petition] not to challenge the specific medical treatment itself, but to challenge providing this treatment at a[n] LTAC [facility]. What the treatment is and where the treatment occurs are inherently related even if the Bureau forms do not allow it to be worded in that manner.

Employer Br. at 11-12. This Court agrees.

Nothing in Section 127.406(b) of the Department's Regulations prohibits a URO from reviewing whether Claimant's care at the LTAC facility was reasonable

9

and necessary. In fact, this Court discerns the critical question before the Bureau and the WCJ to be whether Claimant's presence at the LTAC facility is reasonable or necessary for the reviewed providers' treatment to be effective – an issue "directly relate[d] to the reasonableness or necessity of the treatment under review." 34 Pa. Code § 127.406(b)(7). Employer twice filed UR requests to review the reasonableness or necessity of Claimant's continued presence at the LTAC facility, and the Bureau twice erroneously rejected them as an improper subject for UR. *See* R.R. at 8a-11a. Clearly, the WCJ had jurisdiction to address "any alleged technical deficiency or irregularity in the [UR] process." *Carter*, 790 A.2d at 1109. However, because the Bureau erroneously declined to refer the request to a URO, the WCJ should have directed the Bureau to do so.

Because a URO never conducted a UR with respect to the reasonableness or necessity of Claimant's LTAC facility stay, the WCJ did not have jurisdiction to render a decision on that substantive issue. *See Cty. of Allegheny*. This Court is unwilling to hold that the WCJ had jurisdiction to consider Claimant's presence at the LTAC facility - an issue relating to the reasonableness or necessity of Claimant's medical treatment - where no UR had been performed thereon and no determination had been rendered by a URO, because doing so would be contrary to this Court's holding in *County of Allegheny*.[6] Having concluded that Employer's UR determination requests regarding the reasonableness and necessity of Claimant's continued stay at the LTAC facility were not prohibited by Section 127.406(b) of the Department's Regulations and should have been referred for a UR determination, the

---

[6] Further, had the instant issue come within the enumerated prohibitions in Section 127.406(b) of the Department's Regulations, this Court would conclude that the WCJ lacked jurisdiction to address it despite the General Rule, because permitting the WCJ on *de novo* review to decide an issue explicitly prohibited by Section 127.406(b) of the Department's Regulations would be contrary to law. *See Snizaski v. Workers' Comp. Appeal Bd. (Rox Coal Co.)*, 891 A.2d 1267, 1277 (Pa. 2006) ("substantive regulations, when properly enacted . . . , have the force of law and enjoy a general presumption of reasonableness").

WCJ should have remanded the issue to the Bureau with direction that the Bureau refer Employer's request to a URO.

For all of the above reasons, the Board's decision is vacated, and the matter is remanded to the Board with instructions to vacate the WCJ's order and remand the matter to the WCJ to direct the Bureau to refer the issue of the reasonableness or necessity of Claimant's presence at an LTAC facility to a URO for a UR determination.[7]

_____
ANNE E. COVEY, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

---

[7] Although Employer requests this Court to affirm the Board's decision, the Court may not do so for the aforementioned reasons. Notwithstanding, this Court's decision affords Employer what it believed was required (and twice requested) – URO review of the reasonableness and necessity of Claimant's stay at the LTAC facility.

Having concluded that the WCJ did not have jurisdiction to consider the issue absent a completed URO determination thereon, this Court does not address Claimant's issues pertaining to whether the WCJ's decision was based on substantial evidence, and whether the WCJ rendered a reasoned decision.

James Burgess, :
                    Petitioner :
                                   :
          v. :
                                   :
Workers' Compensation Appeal Board :
(Patterson-UTI Drilling Company LLC), :   No. 778 C.D. 2019
                   Respondent :

# O R D E R

AND NOW, this 1st day of May, 2020, the Workers' Compensation Appeal Board's (Board) May 29, 2019 Order is vacated, and the matter is remanded to the Board with instructions to vacate the Workers' Compensation Judge's (WCJ) order and remand the matter to the WCJ to direct the Bureau of Workers' Compensation to refer the issue of the reasonableness or necessity of James Burgess's presence at a long-term acute care facility to a Utilization Review (UR) Organization for a UR determination.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge